BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Commission. The sole question presented is whether claimant, who suffered an admittedly compensable accident, is entitled to temporary partial disability. The Judge of Industrial Claims found that claimant was entitled to temporary partial compensation at the rate of $39 per week from October 1, 1968, to the date of the final hearing and until there has been a change in claimant’s condition. The Full Commission reversed and dismissed the claim for temporary partial disability.
Claimant, a twenty-three year old man, suffered a compensable accident during the course of his employment on a construction job. The accident resulted in a broken thigh bone requiring surgery and the insertion of a metal pin. Claimant’s employment as a carpenter with the construction company was a summer job. He regularly attended college during the day and worked at night as a gas station attendant earning $67.50 per week. The injury occurred in July of 1968 and claimant returned to college in the Fall of 1968 although he had not reached maximum medical improvement. The employer paid temporary total disability compensation until October 1, 1968, and then offered claimant a day-time job as a “look-out” at the same salary he was earning as a carpenter. Claimant refused the work as a “look-out” because his classes prevented him from working during the day. There was also medical testimony that a “look-out” job, if it required prolonged standing and exposure to hazards of falling on rough ground at construction sites, was not advisable. Claimant did not return to work at the service station because he was physically unable to do the heavy work.
The Judge of Industrial Claims found that claimant’s leg was not healed and that any twisting could rebreak or further complicate the leg condition and that claimant should not be prevented from receiving the temporary partial disability to which he was entitled by reason of the fact that he was going to school during the day. We agree. The Order of the Judge of Industrial Claims is supported by the record evidence that claimant had not reached maximum medical improvement at the time he returned to school. He continued to be temporarily partially disabled due' to his unhealed leg. Claimant is unable to work as a carpenter or as a service station attendant and is not required to accept the job as “look-out” with his former employer in order to receive compensation. His school attendance was immaterial.[1]
Accordingly, certiorari is granted, the Order of the Industrial Commission is quashed and the cause remanded with directions to reinstate the order of the Judge of Industrial Claims. Petition for attorney’s fees is granted in the amount of $350.00.
It is so ordered.
ERVIN, Acting C. J., CARLTON and ADKINS, JJ., concur.
DREW, J. (Retired), dissents with opinion.

. Underwood v. Terminal-Frouge Builders, 128 So.2d 605 (Fla.1961) ; Crosby Aero-marine Co. v. Wilson, 198 So.2d 15 (Fla. 1967).