Melfi *v.* Dick Construction Company, Appellant.

Argued March 3, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*James P. Harris,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY BALDRIGE, J., April 15, 1942:

In this workmen's compensation case there are no disputed facts. The claimant was being paid compensation at the rate of $18 per week for a 165 week period for the loss of the right thumb, index and middle fingers under section 306(c) of the Workmen's Com-

pensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §513. He returned to work, for the same employer, and on January 5, 1939, within the 165 week period, he broke his ankle, totally disabling him for 8 3/7 weeks. The question before us is whether he was entitled to additional compensation under section 306(a), 77 PS §511, at the maximum rate of $18 per week, or a total of $36 per week, during the 8 3/7 week period, which coincides with the running of the 165 week period?

The referee awarded compensation of $18 per week from January 5, 1939, to March 5, 1939, "notwithstanding the fact that he is now receiving the maximum compensation for specific losses of the use of certain fingers of the right hand due to injuries sustained in another earlier accident, on July 28, 1938, while employed with the same employer." His action was sustained by the board and the court below.

An employe who suffers the loss of two or more members in the same accident in the course of his employment is entitled to compensation under section 306(c) for the aggregate periods allowed for the several injuries, but in no event shall the compensation period extend beyond the limitation provided for total disability or the maximum compensation fixed by the statute: *Lente v. Luci,* 275 Pa. 217, 222, 119 A. 132; *Bausch v. Fidler,* 277 Pa. 573, 121 A. 507; *Sustar v. Penn Smokeless Coal Co., etc.,* 85 Pa. Superior Ct. 531; *Bauman v. Spokas,* 146 Pa. Superior Ct. 530, 534, 23 A. 2d 211.

In *Baffi v. Lehigh Valley Coal Company,* 87 Pa. Superior Ct. 579, 581, we held that one cannot be more than totally disabled and "when the fact appears that total disability has been compensated for, he cannot tag on another disability."

In *Rocco v. Pennsylvania Coal Company,* 93 Pa. Superior Ct. 224, the claimant was injured on October 11, 1924. He lost the sight of an eye and his leg was

broken. For total disability he received the maximum weekly compensation under section 306(a) for 123 weeks when his disability ceased. He obtained an award for an additional 125 weeks on the theory that he was entitled under section 306(c) to compensation for disability resulting from the loss of his eye over and above what he had obtained during the 123 week period for total disability. We reversed the judgment, holding that the claimant was entitled only to two weeks' additional compensation as he had already received payment for 123 weeks.

In *Ingram v. W. J. Rainey, Inc.*, 127 Pa. Superior Ct. 481, 193 A. 335, the claimant first sustained a severe injury to his neck on January 8, 1932. Although he was totally disabled no agreement was executed or petition filed until April 27, 1932. He returned to work on February 2, 1932, and on that same day he met with another accident resulting in the permanent loss of the use of the third and fourth fingers of his left hand. The claimant presented a petition claiming total disability due to the injury to his neck. An award was granted for total disability beginning January 15, 1932, and expiring July 7, 1932. At some unspecified date subsequent to the accident of February 2, an agreement was entered into between the employer and the claimant under which he was paid compensation at a rate of $15 a week for 35 weeks for the permanent loss of the use of the third and fourth fingers beginning February 10, and ending October 11, 1932, as provided in section 306(c). Thus it appears that there was a lapping over of the respective periods between February 10, and July 7, 1932, or approximately 5 months during which claimant would have received $30 a week if the award had been sustained. We held that the claimant could not recover double compensation or more than he would receive for total disability in the period beginning February 10 and ending July 7, 1932, when the award and the agreement coincided. We there stated, p. 488, that

while there is no express prohibition in the statute against concurrent payments, where there is a loss of two or more members under section 306(c), provided the amount does not exceed that paid for total disability, positive limitations are imposed preventing a claimant from receiving more than the maximum amount fixed by the statute regardless of the character or extent of the disability.

In *Barlock v. Orient Coal & Coke Co. et al.*, 319 Pa. 119, 178 A. 840, affirming 114 Pa. Superior Ct. 228, 173 A. 666, the claimant, as the result of an accident, was paid compensation under 306(c) for 215 weeks for the loss of his left leg. He claimed additional compensation for separate and distinct partial disability suffered in the same accident under section 306(b), 77 PS §512, due to an injury to his right leg, for a period of 300 weeks following the expiration of the 215 weeks period. It was there held that both periods ran concurrently and not consecutively from the date of the injury. The court stated, p. 124: "It is clear that the legislature intended that under 'a,' 'b' and 'c' compensations could not be pyramided, and, where as here, the maximum weekly compensation was paid, it covers all disability during the period paid, and where compensation is allowable under a paragraph other than that paid for, the beginning date must be the date of the injury and the number of weeks claimed must extend from that time beyond the period already paid for." See, also, cases collected in annotation: Period of Payment for Separate Compensable Injuries as Concurrent or Consecutive, 99 A. L. R. 896, 901.

Applying the principles to which we have referred to the facts in the case at bar, it is clear that the period of 8 3/7 weeks between January 5 and March 5, 1939, during which the employe claimed compensation for total disability under section 306(a), begins to run from the date of the second injury, and runs coincidentally with the 165 week period. The awarding to claim-

ant of double or greater compensation than the weekly maximum during that concurrent period is not warranted by our compensation statutes.

The board and the court below attempted to differentiate the decision in *Ingram v. Rainey* from the instant case on the ground that there the period of total disability under section 306(a) preceded the 35 week period for a specific loss under section 306(c) whereas here the 165 week period under section 306(c) came first. It is immaterial in what order the periods fall. The same rule applies whether the initial compensation is paid under section 306(a), (b), or (c). To the extent that they coincide the weekly payments are limited to the maximum fixed by our statutes. We said in the *Ingram v. Rainey* case, p. 487: "In this connection it should be noted that the period of partial disability in the Barlock case extended beyond the fixed period under (c), while in the Olinsky case, as in the one now before us, the period of total disability expired during the running of the definite period under (c)."

In view of our disposition of the main issue before us it is unnecessary to discuss the secondary question raised by the appellant that the claimant is not entitled to compensation for the first seven days after disability begins. We call attention, however, to the act approved June 4, 1937, P. L. 1552, 77 PS §511, effective January 1, 1938, which amended section 306(a) of the original act and contained a provision "That, if total disability shall continue for a period of four weeks or more, the employe also shall be entitled to receive compensation for the first seven days of total disability." This amendment was in force at the time of the accident in this case on January 5, 1939, which resulted in total disability. The Act of June 21, 1939, P. L. 520, 77 PS §511, effective ten days after enactment, amending section 306(a) omitted the proviso of the 1937 act and made compensation for total disability payable "for the

first 500 weeks after the seventh day of total disability" as before.

Judgment of the court below is reversed.