REED, PLAINTIFF, *v.* YOUNG, ADMINISTRATOR OF THE BUREAU OF WORKMEN'S COMPENSATION ET, DEFENDANTS.

Common Pleas Court, Muskingum County.

No. 43069.   Decided November 19, 1963.

**14**

Mr. R. Brooke Alloway, for plaintiff.

Mr. William B. Saxbe, attorney general, and Mr. Harold Knouff, assistant attorney general, for defendants.

KNAPP, J. On or about July 8, 1955, plaintiff Robert W. Reed filed a claim with the Industrial Commission of Ohio for a back injury occurring on April 25, 1955, when he was in the employ of the Replogle Company, which claim was allowed.

On or about July 27, 1955, he filed a claim with the Industrial Commission of Ohio for a back injury occurring on July 1, 1955, when he was an employee of the W. J. Heck Company, and that claim was allowed.

On or about December 1, 1958, the Industrial Commission of Ohio found the plaintiff was permanently and totally disabled and on February 11, 1959, granted plaintiff's application for a lump sum settlement. On said date plaintiff accepted the settlement and released all his claims on account of said back injuries of April 25, 1955 and July 1, 1955 and on account of his permanent and total disability.

On July 26, 1960, when he was employed by Peter Kiewit Sons Company in Muskingum County, Ohio, he was injured while lifting a sprocket off a tractor, tearing the muscles and ligaments of his back and displacing spinal discs and as a result thereof he is now permanently and totally disabled.

Plaintiff filed his claim for compensation therefor and such procedures were had that on February 19, 1963, the Industrial Commission made the following order:

"That the Commission finds from proof of record that the claimant is permanently and totally disabled but that the same is not related to or the result of the injury; that claimant's motion for permanent and total disability filed January 21, 1963, be allowed to the extent of this order."

This case is an appeal from the denial of compensation by

the Commission. It was submitted to the court upon the petition, the amended answer of the defendant Administrator and a stipulation that the factual allegations of the petition and the amended answer are admitted but not the conclusions set forth in either pleading.

By the pleadings and stipulation the parties admit the facts as already set forth. The legal problem presented (outside of that raised by the second defense of the defendant, which the Court finds untenable and rules against the defendant without opinion) is whether or not the Industrial Commission of Ohio, having settled with a claimant for permanent and total disability, can thereafter on a claim arising out of a later injury be compelled to pay compensation. In other words, is it possible for a claimant in Ohio to collect for permanent and total disability more than once?

What is meant by permanent total disability is set forth in the syllabus of the case of *Logsdon* v. *Industrial Commission*, 143 Ohio St., 508, thusly:

"The term 'permanent' as applied to disability under the workmen's compensation law does not mean that such disability must necessarily continue for the life of a claimant, but that it will, with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom."

Accordingly, it is clear that permanent total disability is not an unalterable condition but that a claimant may rehabilitate himself and return to work. In such new employment he may be injured. The defendant, however, maintains that having paid for a claimant's permanent and total disability once it cannot be compelled to pay for permanent and total disability a second time.

The court disagrees with this contention. First, because such a contention does not take into consideration the fact that when the settlement was made only those claims which were then filed were being settled and an injury which was then nonexistent cannot be deemed to have been within the purview of the parties. In fact, there is no indication that there was any language as to future injuries embodied in any receipt or settlement. The then pending claims and the then existent dis-

abilities were being settled and compensated for and nothing more.

Second, because to maintain defendant's contention one must inject into the settlement of 1959 an implied waiver by plaintiff of any claim based on any future injury since he had already been paid for permanent and total disability. Such a waiver is contrary to public policy and is precluded by Section 4123.80, Revised Code, which reads in part as follows:

"No agreement by an employee to waive his rights to compensation under Sections 4123.01 to 4123.94, inclusive, Revised Code, is valid, except that an employee who is blind may waive the compensation that may become due to him for injury or disability in cases where such injury or disability may be directly caused by or due to his blindness. The industrial commission may adopt and enforce rules governing the employment of such persons and the inspection of their places of employment. * * *"

There is no evidence herein that there was any fraud perpetrated by this claimant upon the Commission or that there was any improper conduct or failure of consideration in the settlement made in 1959. Understandably the Administrator is having a feeling of frustration and doubtless considers that the claimant is being paid a second time for his disability. However, the Administrator did not have to make the lump sum settlement and probably hereafter will rarely do so for any claimant. Public policy certainly favors rehabilitation of injured workers. Plaintiff certainly was within his rights in attempting to return to work in 1960 and he is just as entitled to be compensated for a new injury as he was for the prior injuries. Both parties to the settlement of 1959 were gambling; the claimant that his physical condition would improve and that he would not exhaust the funds received in the lump sum settlement, and the Administrator that by making the lump sum settlement he would pay out less of the Fund's money than the claimant would receive from periodical payments until his death or restoration of health.

Accordingly, the court resolves the issue as submitted in favor of the plaintiff and determines that the claimant is entitled to participate in the Fund.