WAYBRIGHT, Circuit Judge:
This court reviews by certiorari an order of the Florida Industrial Commission affirming a compensation order of a deputy commissioner.
The respondent Phillip C. Wilson’s right knee was injured while he was working for the petitioner Crosby Aeromarine Company. The petitioner The Travelers Insurance Company is the workmen’s compensation insurance carrier for that employer.
The carrier voluntarily paid temporary total disability benefits until the employee returned to work some two and a half months after he was injured, and all medical benefits.
The respondent Florida Industrial Commission’s deputy commissioner entered an order making awards for a permanent partial disability of fifteen per cent of the right leg, for temporary partial disability for the period after the employee returned to work until he quit the job and reached maximum recovery several months later, and for a $250:00 attorney’s fee. The Commission affirmed its deputy’s order, and the employer and carrier sought review thereof by this court by certiorari.
No reason to disturb the orders of the deputy commissioner and the Commission has been found.
The employer and its carrier contend that: Some eight years before the industrial accident giving rise to this proceeding, the employee, while working for another employer, suffered an injury to the same right knee. He was then found to have a functional impairment amounting to twenty per cent of the use of his right leg, and was compensated for it. After the second injury to his right knee, he was found to have a functional impairment amounting to fifteen per cent of the use of his right leg. Since his right leg is less functionally impaired now than it was when he went to work for this employer, the employer and its carrier argue, the employee is not entitled to an award for a permanent partial disability incurred while working for this employer.
The argument is ingenious, and may even seem mathematically demonstrable, but is contrary to previous decisions of this court[1] in which it was held that the apportionment section of the workmen’s compensation law[2] required that, out of an award for a second injury, there be apportioned out and deducted only the portion of the disability resulting from the first injury that would have1 existed at the time of the award if the second injury had not occurred. In picturesque language, a text writer [3] presents the reasoning:
The capacities of a human being cannot be arbitrarily and finally divided and written off by percentages. The fact that a man has once received compensation as for 50% of total disability does not mean that ever after he is in the eyes of compensation law but half a man, so that he can never again receive a compensation award going beyond the other 50% of total. After having reached his prior payments, he may, in future years, be able to resume gainful employment. If so, there is no reason why a disability which would bring anyone else total permanent disability benefits should yield him only half as much.
*17 The deputy commissioner found that, during the seven weeks the employee had worked for this employer before his-second injury, he “was able to do the work and was doing a satisfactory job,” and that the fifteen per cent permanent partial disability was “resulting from the com-pensable accident” in which the employee’s knee was injured for the second time. There was adequate evidence, in the form of a report from the treating physician to the carrier that was introduced into evidence by the carrier, to support the finding of the deputy commissioner, since, although not a model of clarity, it does clearly say that “the amount of disability given the patient was a result of the medial men-iscectomy”—the surgical operation performed after the second injury—and goes on to explain that “the trauma of a ruptured cartilage plus the instant arthritis that potentially developes after such an injury and subsequent surgery is the basis of the determination”.
While it would have been better, from the standpoint of a reviewing court, if the deputy commissioner had phrased his findings more precisely, it seems evident, from the series of orders he entered, at first subscribing to the argument of the carrier and employer and then rejecting it, that the deputy commissioner did in fact make a determination that no part of the fifteen per cent functional impairment present after the second injury was attributable to the first injury. In doing so, he followed the decisions of this court as to the proper construction of the apportionment statute, and was not in error.
The employer and carrier also contend that, because the employee worked fairly steadily after he returned to work, and was paid for it about as much as he had been earning before he was injured, he is not entitled to the $8.00 per week for temporary partial disability awarded by the deputy commissioner for the period of about 3i/2 months until he quit and reached maximum recovery. This would be true except for one thing: the carrier stipulated[4] that the employee’s average weekly wage before his injury was $52.00. Since the employee earned only $41.60 average weekly wage after the injury, the deputy commissioner perforce awarded him the $8.00 per week minimum.[5] True, part of the reason the employee worked no more than he did, after he was injured, was because his car kept breaking down so that he could not get to work, but part was “because of discomfort to his leg,” as the deputy commissioner found on the basis of the employee’s testimony. The employee was still being medically treated during this period of time. No reversible fault can be found with this portion of the deputy commissioner’s order.
Since the argument of the* employer and carrier with reference to the attorney’s fee awarded is simply that “if the compensation award is in error, the award of attorney’s fee is error”, there is no error in the award of attorney’s fee.
No reversible error having been made to appear, the Commission order reviewed is affirmed.
THORNAL, C. J., and DREW, CALDWELL and ERVIN, JJ., concur.

. Dennis v. Brown, 93 So.2d 584 (Fla., 1957); Stephens v. Winn-Dixie Stores, No. 34, 131, decided January 25, 1967.

. Florida Statutes § 440.15(5) (c), F.S.A.

. 2 Larson, The Law of Workmen’s Compensation, § 59.42 (1961).

. The stipulation was made in contemplation of Florida Statutes § 440.14(2), F.S.A., because tlie employee had not been regularly employed for 13 weeks before he was injured.

. 60% of the difference is $6.24, but $8.-00 is the minimum.