RODGERS, Presiding Justice.
This is a workmen’s compensation claim composed of two claims consolidated and filed with the Mississippi Workmen’s Compensation Commission. Noel Wilkinson was injured while working for the appellant on November 7 and December 6, 1968, and filed claims with the Commission because of both injuries.
The appellee was employed as a weaver, making carpets, at the Greenville Mills. It is said that the work he performed was not heavy manual labor. This issue was controverted, and the appellant Greenville Mills accepted the claims for payment.
The two real disputes in this case are that the order of the Commission should be *906 reversed because (1) the Commission failed to order apportionment due to an alleged preexisting disease, handicap, or lesion; and (2) the Commission required the appellant to pay for surgery not authorized by the Greenville Mills.
The appellant argues that apportionment of the amount due the claimant should have been allowed by the Commission, because it is said that the record shows that the claimant has had “a long history of back troubles.” It is pointed out that the record shows, in fact the appellee admits that he had some “low back” muscle sprain while he was in the Army in 1956, and on several occasions since that time in 1961, 1964, 1965, and 1966. In 1961 and 1966 the claimant said he had some pain in his back and left leg. However, the appellee testified that the doctors advised him that he had a back “sprain”.
Dr. Lloyd Merbitz, an orthopedic surgeon of Greenville, Mississippi, examined the appellee for the appellant in 1966, and he testified that from his examination, the claimant had “some irritation of the nerve or nerve roots.” He diagnosed claimant’s trouble as “acute lumbosacral sprain” and said that there was nothing to indicate any permanent injury or long-range problem from X-ray pictures taken at the time.
Dr. Lucien B. Hodges testified that there was a “possibility” that the previous back trouble was a contributing factor in the results of the injury. His testimony was not convincing in view of the fact that this doctor sent the claimant back to work after his examination.
Dr. O. J. Andy, a neurosurgeon at the ' University Medical Center, testified before the Commission as follows:
“The episodes of so-called ‘back strain’ or whatever it was that took place in previous years, the last one being in July, 1966, must have been something in the form of muscle spasms or strains or pulls or what-have-you because if the patient had a ruptured disc during that time in my opinion he would not have been able to work for two and a half years or so without having had recurrences, especially in the type of job he apparently was doing at this company.”
The burden of proof was upon the appellants to show by medical findings and by a preponderance of evidence that a preexisting physical handicap, disease, or lesion was a material contributing factor in the results following the injury, as well as to show the proportion of such contribution. Cuevas v. Sutter Well Works, 245 Miss. 478, 146 So.2d 542, 150 So.2d 524 (1963); Mississippi Tank Company v. Dependents of Walker, 187 So.2d 590 (Miss.1966).
The testimony on this issue was presented to the Commission, as trier of facts, and it rejected the apportionment claim of the appellant. We are of the opinion that there is ample testimony in the record to sustain its conclusion as to apportionment.
This brings us to the main contention of the appellants, that is, whether or not the appellants under the facts shown in the record are required to pay the medical bill of Dr. O. J. Andy in the sum of eleven hundred forty dollars ($1,140.00), and the hospital bill due to the University Medical Center hospital in the sum of one thousand one hundred ten dollars and three cents ($1,110.03), and a previous bill of two hundred twenty-four dollars and seven cents ($224.07).
After a careful examination of the record and a study of the authorities cited in the briefs, we have reached the conclusion that these items of doctor and hospital bills should not be charged to nor paid by the appellants for the following reasons.
*907 The pertinent parts of Mississippi Code Annotated § 71-3-15 (1972) are in the following language:
“(1) The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus for such period as the nature of the injury or the process of recovery may require. If the employer fails to provide the same after request by the injured employee, such injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services, except in emergency cases, unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman, having knowledge of such injury, shall have neglected to provide the same. Nor shall any claim for medical or surgical treatment be valid and enforceable, as against such employer, unless within twenty (20) days following the first treatment the physician giving such treatment furnish to the employer and the commission a report of such injury and treatment, on a form prescribed by the commission. The commission may, however, excuse the failure to furnish such report within twenty (20) days when it finds it to be in the interest of justice to do so, and may, upon application by a party in interest, make an award for the reasonable value of such medical or surgical treatment so obtained by the employee. If at any time during such period the employee unreasonably refuses to submit to medical or surgical treatment, the commission shall, by order, suspend the payment of further compensation during such time as such refusal continues, and no compensation shall be paid at any time during the period of such suspension.
(2) Whenever in the opinion of the commission a physician has not correctly estimated the degree of permanent disability or the extent of the temporary disability of an injured employee, the commission shall have the power to cause such employee to be examined by a physician selected by the commission, and to obtain from such physician a report containing his estimate of such disabilities. The commission shall have the power in its discretion to charge the cost of such examination to the employer, if he is a self-insurer, or to the insurance company which is carrying the risk.”
The record shows that Dr. Andy first examined the appellee on August 10, 1970. No notice was given the employer of this treatment. Moreover, Dr. Andy did not perform an operation on the appellee until March 19, 1971. Obviously, there was no emergency. Moreover, appellee was hospitalized on January 11, 1971, for a myelo-gram and discogram on January 13, 1971, and no notice was given to the employer or to the Commission within the “twenty (20) days following the first treatment.”
The appellant contends that the employer offered further medical treatment and the appellee admits that the employer’s doctor offered to cut a nerve to relieve the pain in his back and leg. The appellee did not want a nerve cut. He talked to the insurance adjuster in July, 1970, about the fact' that he wanted other treatment, and the adjuster told him to go back to the company surgeon. The appellee did not go back to the company surgeon until after he had been operated on by Dr. Andy. The company surgeon wrote a letter to the insurance carrier stating that the patient had benefited as much as he could and that he had reached maximum medical improvement on July 18, 1970, with fifteen percent (15%) partial-permanent disability. The doctor considered “posteria root rhizotomy at S-l-nerve root” January 13, 1970.
It has been said by this Court that the employer has the right as well as the duty *908 to furnish his employee medical treatment and where an employee does not request any further medical treatment from his employer, such medical expense is limited to one hundred dollars ($100.00) unless, of course, there is an exception to the rule as set out in the statute. Frazier v. Posey, 207 So.2d 625 (Miss.1968); Mississippi Code Annotated § 71-3-15 (1972).
A letter was found in the Workmen’s Compensation Commission file from attorneys for the insurance carrier dated March 4, 1971, addressed to attorneys for the ap-pellee, in which they offered further medical care to the employee. The letter advises the employee to go back to the company surgeon or to Dr. A. Albert Azordegan of Jackson. The attorneys for the appellee contend that they did not get this letter; and, of course, this issue was an issue for the Workmen’s Compensation Commission to determine. Even without this letter, however, there is no evidence that the employee requested that the employer furnish further medical care, nor does the record reveal that the employer refused or neglected further medical treatment. Moreover, no report was given to the employer within twenty (20) days after the first treatment by the treating physician.
The Commission could have, in its order, excused the failure to furnish such report within the twenty (20) days provided the Commission found it to be in the interest of justice, but the Commission did not so do. Mississippi Code Annotated § 71-3-15 (1972).
We are of the opinion and so hold, that the order of the Workmen’s Compensation Commission should be affirmed, except as to the payment of the doctor bill due Dr. O. J. Andy, and the hospital bill due to the University Hospital.
Affirmed in part; and reversed in part.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.