302 So.2d 862 (1974)
Madison G. WALLS
v.
HODO CHEVROLET COMPANY, INC., et al.
No. 47575.
Supreme Court of Mississippi.
November 12, 1974.
*864 Mitchell, Rogers & Eskridge, Tupelo, for appellant.
Houston, Chamberlin & Houston, Aberdeen, for appellees.
WALKER, Justice:
This is an appeal from a judgment of the Circuit Court of Monroe County, Mississippi, affirming an order of the Workmen's Compensation Commission.
Appellant Walls, who had been adjudicated totally and permanently disabled in 1965, was again adjudicated to be totally and permanently disabled following an injury received while employed by Hodo Chevrolet on February 18, 1970. The commission found that ninety percent of Walls' wage earning loss resulted from a preexisting condition, while ten percent of his wage earning impairment resulted from the accidental injury of February 18, 1970.
The facts are not in dispute. Appellant Walls, hereinafter referred to as claimant, was employed by appellee Hodo Chevrolet, Inc., hereinafter referred to as employer, on March 31, 1967.
On February 18, 1970, claimant sustained an injury to his low back when he bent over and attempted to lift a radiator out of a pickup truck. He was first seen by Dr. W.T. Oakes of Amory, Mississippi, on February 23, 1970, who thereafter referred him to Dr. Forrest Tutor, a neurosurgeon of Tupelo. A myelogram was performed showing a definite defect at the level of L-4, L-5, and surgery was proposed. Surgery was performed in August, 1970, with the removal of a large herniated disc at the L-4, L-5 level. After being finally discharged by Dr. Tutor on October 23, 1970, claimant returned to Dr. Oakes because of continued pain in his back and was treated by Dr. Oakes regularly thereafter until November 16, 1970, at which time he reached maximum recovery.
Prior to claimant's injury of February 18, 1970, he had sustained injuries in 1963 and 1964 involving his neck or the cervical spine and the thoracic spine. However, these injuries did not involve the low back or lumbar spine, (the area injured in 1970). These injuries occurred while claimant was employed by the City of Amory, Mississippi, as a policeman and claims for benefits under the Workmen's Compensation Act were presented to the commission for these previous injuries in Cause No. 63 XXXXX-XXXX and in Cause No. 64 XXXXX-XXXX. The commission by order dated June 4, 1965, found claimant to be permanently and totally disabled within the meaning of the Workmen's Compensation Act and awarded him benefits in the amount of $35 per week from July 28, 1963 to June 4, 1965, and thereafter at the rate of $17.50 per week not to exceed 450 weeks or the maximum sum allowed by law, after finding that fifty percent of a claimant's total disability resulted from a preexisting condition. Subsequently, on August 3, 1965, the commission authorized a commuted lump sum payment of claimant's benefits. Following these injuries, claimant was unable to *865 work until March 13, 1967, at which time he was employed by Hodo Chevrolet where he worked regularly until the injury to his low back on February 18, 1970. The commission found him to be permanently totally disabled but apportioned ninety percent to his preexisting condition.

ON DIRECT APPEAL
The question presented on direct appeal is whether the commission had substantial evidence before it upon which to base its finding that ninety percent of claimant's present wage earning loss and permanent total disability was due to a preexisting condition.
The employer-carrier (appellee) did not present any witnesses to testify that claimant had a preexisting condition which was a material contributing factor to his loss of wage earning capacity following the injury on February 18, 1970. Instead, they introduced into evidence the complete record of the prior workmen's compensation proceedings involving the 1963 and 1964 injuries which resulted in the order of June 4, 1965, and contend that once the preexisting handicap of one hundred percent was conclusively proved by an adjudication in 1965, the burden of proof shifted to the claimant to show that this preexisting condition was not a part of his present disability. However they cite no authority for this contention.
Walls, claimant-appellant, contends that once he showed a causal connection between the injury of February 18, 1970, and his present disability, the burden of proving the condition upon which benefits may be reduced on account of a preexisting condition was upon the employer-carrier.
The apportionment section of the Mississippi Workmen's Compensation Act was considered by this Court in Cuevas v. Sutter Well Works, 245 Miss. 478, 150 So.2d 524 (1963), where it was held that the burden of proof is upon the employer-carrier to establish by a preponderance of the evidence all of the factors required by the apportionment provisions of the Act stating:
Under this provision the burden of proof is upon the employer and insurance carrier to establish by a preponderance of the evidence all of the factors stated in the second paragraph of Sec. 4, in order for compensation to be proportionately reduced. These factors are (1) that there must be a pre-existing physical handicap, disease or lesion, (2) this pre-existing condition must be shown by medical findings (3) to be a material contributing factor in the results following injury, and (4) the compensation otherwise payable is reduced by that proportion which the pre-existing condition contributed to the production of the results following the injury. There must be substantial evidence to support the Commission's findings on all of these factors. (245 Miss. at 485, 150 So.2d at 527). (Emphasis added.)
Under the requirements set forth in Cuevas, the employer-carrier had to prove not only that claimant suffered from a preexisting condition, but in addition it was upon them to prove by medical findings that such preexisting condition continued to exist and was a material contributing factor in the results following the present injury. Greenville Mills v. Wilkinson, 297 So.2d 905 (Miss. 1974). As pointed out in Crump v. Fields, 251 Miss. 864, 171 So.2d 857 (1965), the evidence to support a finding on the factors must be substantial.
We are of the opinion and so hold that the record of a prior adjudication of total and permanent disability of a claimant by the Workmen's Compensation Commission is not sufficient evidence, standing alone, upon which benefits for a subsequent injury may be apportioned and reduced. We take judicial knowledge of the healing qualities of nature and that a condition which is disabling today may very well disappear within a day or a week *866 or a month depending upon the recuperative power, medical treatment received and the determination of the individual. We reject the employer-carrier's contention that once a preexisting handicap is proved by a prior adjudication, such as the one in 1965, the burden of proof shifts to the claimant to show that the preexisting condition does not contribute to a subsequent injury. Under the holding in Cuevas, which we reaffirm, it was incumbent upon the employer-carrier to not only prove by a preponderance of the evidence that the claimant continued to have his preexisting physical handicap or disease, but additionally, the burden was upon them to prove by medical findings that such preexisting physical handicap and/or disease was a material contributing factor to his disability following the injury of February 18, 1970. In this regard, Dr. Forrest Tutor, the neurosurgeon who removed the ruptured disc involved in the 1970 injury, and the only medical witness presented by the employer-carrier was of the opinion that claimant had suffered only a ten percent permanent partial disability to the body as a whole as a result of the ruptured disc. He did not attempt to relate the old injuries resulting in the 1965 award and a preexisting arthritic condition to claimant's disability and loss of wage earning capacity resulting from the February 18, 1970 injury. On the other hand, the claimant offered Dr. W.T. Oakes who testified that claimant was presently one hundred percent totally and permanently disabled, but it was his opinion that claimant's preexisting condition contributed to his present disability by fifty percent.
We are therefore of the opinion that the commission did not have substantial evidence upon which to apportion claimant's award by ninety percent and that they were in error in so doing; however, claimant's award should be apportioned by fifty percent based upon the testimony of his own witness, Dr. W.T. Oakes, as above mentioned.

ON CROSS APPEAL
The next question before this Court for determination is one of first impression arising out of the Mississippi Workmen's Compensation Act. That question is whether a claimant who has been determined to be one hundred percent totally and permanently disabled within the meaning of the Act but who subsequently becomes gainfully employed is entitled to benefits for loss of wage earning capacity from an injury received while so employed, and if so, what limitation to recovery, if any, is placed thereon.
In reaching a determination of this question, there are a number of undisputed findings which must be kept in mind:
(1) That following the adjudication on June 4, 1965, of permanent total disability arising out of the injuries in 1963 and 1964, which was commuted to a lump sum settlement, claimant was subsequently able to resume regular gainful employment for a period of approximately three years prior to the accidental injury on February 18, 1970, which again resulted in permanent total disability. The later adjudication is the subject of this appeal.
(2) That if appellant had not taken a commuted lump sum settlement after the 1965 adjudication of permanent total disability, the period of entitlement to weekly benefits following the first adjudication in 1965 would overlap the period of entitlement for the 1970 adjudication of permanent total disability.
Employer-carrier contends in their cross-appeal that the claimant is not entitled to benefits flowing from this last injury. Their argument is that a person cannot be more than permanently totally disabled and therefore cannot receive benefits for total disability a second time under the Act, or in the alternative, that he is not entitled to compensation during the overlapping periods of disability. The thrust of the employer-carrier's *867 alternative contention is that to allow the claimant compensation for the second injury during any overlapping period of entitlement would be to pyramid his benefits and allow him to draw more than the maximum weekly benefits prescribed by the Act.
We would point out that the only limits to recovery by an injured employee under the Mississippi Workmen's Compensation Act are that the weekly benefits shall not exceed the sum prescribed by the Act and the benefits shall be paid for a period of time not to exceed 450 weeks or the total sum allowed by the Act, whichever is the lesser amount. Miss.Code 1942 Ann. § 6998-04 (Supp. 1971), [now, Miss. Code Ann. § 71-3-7 (1972)]; Miss. Code 1942 Ann. § 6998-07 (Supp. 1971), as amended, Miss. Code 1972 Ann. § 71-3-13 (Supp. 1974); Miss. Code 1942 Ann. § 6998-09 (Supp. 1971), as amended, Miss. Code 1972 Ann. § 71-3-17 (Supp. 1974); see Cockrell Banana Company v. Harris, 212 So.2d 581 (Miss. 1968).
There is nothing in the Act which implies that once a claimant has been adjudged to be totally and permanently disabled that such condition shall last for any given length of time, although there is a limit to the length of time that such an employee may receive weekly compensation. In discussing the meaning of "permanent total disability" in Dunn, Mississippi Workmen's Compensation Law and Practice, section 77 (2d ed. 1967), the author says:
In the determination of permanent disability status, the time element is far shorter than perpetual or everlasting and the term permanent is construed as one used for the purpose only of excluding disabilities which are merely temporary. Under this view, the fact that a given disability may or will pass away in a fair period of time, within normal life expectancy, does not rule out a finding of permanent disability, but if the required period for elimination of disability is longer than that which, reasonably considered, is only temporary, the status is permanent within the intent of the Act. (pp. 96-97). (Emphasis added.)
We recognize that permanent total disability is not an unalterable condition and that a claimant may rehabilitate himself and return to work, and in such new employment, he may be injured. A person may recover from his totally disabled status resulting in a termination of his benefits if the disability has not continued for such a period of time as to exhaust his entitlement thereto. Miss. Code Ann. § 71-3-53 (1972).
The weight of authority in the states that have spoken to the question, when interpreting their statutes, supports the proposition that a claimant who has once been adjudged totally and permanently disabled and who has received benefits therefor, but who thereafter resumes gainful employment and becomes injured while so engaged, is not precluded from receiving benefits for loss of wage earning capacity arising out of the later injury. Crosby Aeromarine Co. v. Wilson, 198 So.2d 15 (Fla. 1967); Dennis v. Brown, 93 So.2d 584 (Fla. 1957); Peterson v. Borden's Produce Co., 125 Neb. 404, 250 N.W. 240 (1933); Reed v. Young, 196 N.E.2d 350 (Ohio 1963); Asplund Const. Co. v. State Industrial Commission, 185 Okl. 171, 90 P.2d 642 (1939); Melfi v. Dick Const. Co., 148 Pa.Super. 406, 25 A.2d 743 (1942); Ingram v. W.J. Rainey, 127 Pa.Super. 481, 193 A. 335 (1937). Contra, Van Tassel v. Basic Refractories Corp., 216 App.Div. 774, 214 N.Y.S. 491 (1926); Harrington v. Department of Labor and Industries, 9 Wash.2d 1, 113 P.2d 518 (1941). However, it is also the general rule that a claimant may not pyramid benefits and receive in excess of the maximum weekly benefits provided by statute during any one period. O'Brien v. Albrecht Co., 206 Mich. 101, *868 172 N.W. 601 (1919); Peterson, supra; Nelson v. Service Oil Co., 121 Neb. 762, 238 N.W. 525 (1931); Melfi, supra; Ingram, supra. We agree with these views as best comporting with the intent and purpose of our Workmen's Compensation Act, which is the rehabilitation or restoration to health and vocational opportunity of an injured employee. Miss. Code Ann. § 71-3-1 (1972).
In the instant case the claimant Walls was compensated for his first injuries by the 1965 award at the maximum weekly rate, after giving consideration to his preexisting condition, for the maximum period of time allowed by the Act. Therefore, since he obtained the maximum weekly benefits permitted by law for the maximum length of time for his first injuries, he would not be entitled to begin receiving weekly benefits flowing from the 1970 injury until the expiration of the period for which he would have been entitled to weekly benefits following the 1965 adjudication had it not been commuted to a lump sum.
We are not impressed with appellant Walls' contention that since he had received a lump sum settlement of the 1965 award that he was not in fact receiving weekly compensation benefits for the 1965 injury when he was injured in 1970. In our opinion the effect of the commuted lump sum settlement, which he requested, was to compensate him for the entire period of time to which he would otherwise have been entitled to weekly benefits for that injury.
For the reasons given herein, this cause is reversed on direct appeal, reversed on cross-appeal and remanded to the Workmen's Compensation Commission for a computation of claimant's benefits consistent with this opinion.
Reversed on direct appeal, reversed on cross-appeal and remanded to the Workmen's Compensation Commission.
All Justices concur.