[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1073 
Wal-Mart Stores, Inc., appeals a judgment entered by the trial court awarding permanent and total disability benefits to George Bratton. Bratton had filed an action for workmen's compensation benefits after he suffered a fall at the Wal-Mart store where he worked. We affirm in part, reverse in part, and remand.
In 1976, when Bratton was 59 years old, he suffered a heart attack and retired with a disability pension from his job with Hercules Powder Company in Bessemer, Alabama, where he had worked for approximately 32 years. In 1978, the Social Security Administration determined that Bratton was also eligible for Social Security disability benefits as a result of his heart condition. In 1985, he suffered a stroke that caused weakness to one side of his body.
In 1988, Bratton testified, his wife was working and he was tired of staying home by himself, so he applied for a job with Wal-Mart. He was then 71 years old and walked with a limp because of his stroke. He stated that he told the interviewer that although he had had a heart attack and a stroke, he felt he was stable enough to work. Bratton's employment application with Wal-Mart reflects that he answered "yes" to questions that asked whether he had ever "[b]een forced to give up a job because of health or medical reasons," "[r]eceived a pension for disability," and "[h]ad heart trouble." According to the record, Wal-Mart has an excellent record of hiring elderly and disabled individuals to do sedentary work in its stores. Bratton was hired as a "greeter" by the Wal-Mart store in Bessemer, Alabama, on a part-time basis. The main function of a greeter is to welcome customers as they enter a Wal-Mart store and to offer information and assistance to the customers. Bratton soon began performing other assigned tasks, including caring for plants in the garden shop. After his first year of employment, Bratton began working about 30 hours a week, which is deemed full-time employment by Wal-Mart. He was considered an excellent employee, and Wal-Mart stipulated at trial that it had no problem with his job performance.
On Friday, May 15, 1992, while working in the store's garden shop watering plants, Bratton tripped over the garden hose, fell, and struck the back of his head on the concrete floor. Fellow employees assisted him after the fall, and the accident was reported immediately to Bratton's supervisors. He managed to drive himself home, and he sought medical attention the following Monday. Wal-Mart's company physician hospitalized Bratton for eight days with a diagnosis of closed head trauma, abrasions and contusions to his scalp and head, and contusions to his lower back. The company physician referred Bratton to the neurologist who had treated him following his stroke in 1985, from which the neurologist testified that Bratton had almost completely recovered. Bratton's symptoms after the accident included emotional lability, headaches, neck pain, unsteady gait, and vertigo. In the opinion of the neurologist, only the headaches and neck pain were attributable to Bratton's fall.
At trial, Bratton, his wife, a friend, and a Wal-Mart supervisor compared his physical abilities before the accident with his physical abilities after the accident. According to their testimony, while Bratton was employed by Wal-Mart, he had some physical impairments as the result of his pre-existing medical condition. He walked with a limp, had some weakness, and moved somewhat slowly. They also testified, however, that these physical limitations did not interfere with Bratton's ability to do his job. Following the *Page 1074 
accident, the testimony reflects, Bratton's weakness was much more pronounced, he was unable to walk without the assistance of a cane, he had a severe memory loss, he suffered from chronic headaches, and he exhibited significant depression.
The vocational specialist who testified for Bratton at trial concluded that, after taking into consideration Bratton's age, vocational experience, and current physical limitations, he was totally and permanently disabled as a result of the accident at Wal-Mart. The vocational specialist who testified for Wal-Mart at trial concluded that Bratton, as a result of his age and physical condition, was already totally disabled before he went to work for Wal-Mart, and that because his total disability continued throughout his employment, the accident at Wal-Mart had no bearing on the question of his subsequent employability. The trial court found "that as a result of his injury [Bratton] has suffered a complete loss of earning capacity as a result of the accident which arose out of and in the course of his employment in that he is totally and permanently disabled as defined under the Workmen's Compensation Act."
Wal-Mart contends that the trial court erred in finding that Bratton was totally and permanently disabled, arguing that an employee who has been previously declared totally and permanently disabled, who has been compensated as a result of his disability, and who subsequently returns to work and is injured, cannot recover total and permanent disability benefits for the subsequent injury under workmen's compensation statutes. This issue is one of first impression in Alabama.
We must first define our standard of review in this case. In 1992, the Alabama Legislature substantially revised the Alabama Workmen's Compensation Act ("the old Act"). See Ala. Acts 1992, Act No. 92-537. The amended Alabama Workers' Compensation Act ("the new Act") became effective May 19, 1992, although some provisions relating to the burden of proof and standard of review did not become effective until August 1, 1992. See §§25-5-81(c), (e), Ala. Code 1975 (1992 Repl.Vol.) (the new Act). Bratton's injuries occurred on May 15, 1992; therefore, this case is governed by the old Act, and all statutory citations in this opinion refer to the old Act unless the new Act is explicitly indicated. See Whitsett v. BAMSI, Inc.,652 So.2d 287, 289 (Ala.Civ.App. 1994). Under the old Act, our standard of review of the trial court's findings of fact and its judgment based on those findings allows us to look only to see whether there was any legal evidence to support the trial court's findings, and, if so, whether any reasonable view of the evidence supports the trial court's judgment. Ex parteVeazey, 637 So.2d 1348 (Ala. 1993); Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991). Under either Act, the trial court's conclusions regarding legal issues carry no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576 (Ala. 1993). See also § 25-5-81(e)(1), Ala. Code 1975 (1992 Repl.Vol.) (the new Act).
We now turn to the legal issue presented by this case, i.e., whether Bratton can recover workmen's compensation benefits after having been previously declared disabled by the Social Security Administration. We conclude that he can. Any other result would mean that once an individual became disabled, he or she would be forever precluded from entitlement to benefits for a compensable work-related injury if he or she were able to sufficiently recover from the prior disability to be able to return to work in any capacity. We do not believe that either the Social Security Act or the Alabama workmen's compensation statutes contemplate such a preclusion from benefits, nor do we believe that common sense allows it.
The Social Security Act, 42 U.S.C. § 401 et seq. (1994), clearly contemplates the possibility that a disabled individual may improve and regain his or her ability to work even after having been declared totally and permanently disabled. See, e.g., 42 U.S.C. § 416(i)(2)(D), 423(a)(1), 423(f). The Alabama workmen's compensation statutes also contemplate that possibility. See, e.g., § 25-5-57(a)(4)b., (e), (h), (i). Social Security disability benefits and workmen's compensation benefits both seek to ensure that a person who is physically unable to continue to work, whether or not the illness or injury is related to his or her employment, is provided with an *Page 1075 
income. In the event that both types of benefits are available to an injured worker, Social Security benefits must be offset by the amount of workmen's compensation benefits available in order to prevent a windfall to the individual. See 42 U.S.C. § 424a. Workmen's compensation statutes typically provide for a weekly maximum on benefits available to an injured employee. See §§ 25-5-57(a)(4), 25-5-68, Ala. Code 1975. Neither federal nor state law seeks to provide benefits attractive enough to reward an individual for his physical incapacity or to discourage him from attempting to regain the ability to work if he or she is able to do so.
Professor Larson, in his treatise on workmen's compensation, discusses the payment of benefits to employees who suffer successive or concurrent injuries, as follows:
 "There is both a theoretical and a practical reason for the holding that awards for successive or concurrent injuries should not take the form of weekly payments higher than the weekly maxima for total disability. The theoretical reason is that, at a given moment in time, a person can be no more than totally disabled. The practical reason is that if he is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be more profitable for him to be disabled than to be well — a situation which compensation law always studiously avoids in order to prevent inducement to malingering."
2 Arthur Larson, The Law of Workmen's Compensation § 59.41 (1990) (footnotes omitted).
Wal-Mart cites the foregoing section of Larson's treatise for the proposition that once Bratton was declared totally and permanently disabled by the Social Security Administration, his injury at Wal-Mart could not make him any more disabled than he was already. What Wal-Mart's argument fails to consider is the fact that once Bratton was able to become gainfully employed, he was obviously no longer totally and permanently disabled. Had Bratton been younger when he decided to return to work and obtained his job with Wal-Mart, his Social Security disability benefits would have ceased. Because he was over the age of 65, however, he was no longer receiving disability benefits from the Social Security Administration, but was receiving old age benefits instead. See 42 U.S.C. § 416(i)(2)(D), 423(a)(1)(B). Because Bratton was not receiving any disability payments at the time of his accident, he is not precluded from receiving compensation for his injury from the standpoint of overlapping benefits.
Several states have examined the question presented by this case, and the great weight of authority supports the conclusion we have reached. See Walls v. Hodo Chevrolet Co., 302 So.2d 862
(Miss. 1974), and cases cited therein.
 "We recognize that permanent total disability is not an unalterable condition and that a claimant may rehabilitate himself and return to work, and in such new employment, he may be injured. A person may recover from his totally disabled status resulting in a termination of his benefits if the disability has not continued for such a period of time as to exhaust his entitlement thereto. Miss. Code Ann. § 71-3-53 (1972).
 "The weight of authority in the states that have spoken to the question, when interpreting their statutes, supports the proposition that a claimant who has once been adjudged totally and permanently disabled and who has received benefits therefor, but who thereafter resumes gainful employment and becomes injured while so engaged, is not precluded from receiving benefits for loss of wage earning capacity arising out of the later injury. Crosby Aeromarine Co. v. Wilson, 198 So.2d 15 (Fla. 1967); Dennis v. Brown, 93 So.2d 584 (Fla. 1957); Peterson v. Borden's Produce Co., 125 Neb. 404, 250 N.W. 240 (1933); Reed v. Young, 196 N.E.2d 350
(Ohio 1963); Asplund Const. Co. v. State Industrial Commission, 185 Okla. 171, 90 P.2d 642 (1939); Melfi v. Dick Const. Co., 148 Pa. Super. 406, 25 A.2d 743
(1942); Ingram v. W.J. Rainey, 127 Pa. Super. 481, 193 A. 335 (1937). Contra, Van Tassel v. Basic Refractories Corp., 216 App. Div. 774, 214 N.Y.S. 491 (1926); Harrington v. Department *Page 1076 of Labor and Industries, 9 Wn.2d 1, 113 P.2d 518
(1941)."
Walls, 302 So.2d at 867.
The fact that an individual has once received Social Security disability benefits does not make that individual forever ineligible for workmen's compensation disability benefits, in the event the individual recovers to the point that he or she is able to resume gainful employment. Once working and no longer receiving disability benefits, that individual is eligible for subsequent disability benefits calculated to compensate him or her for any loss of renewed earning capacity as a result of a subsequent injury. We hold that Bratton's prior adjudication of disability by the Social Security Administration did not preclude the trial court from finding him permanently and totally disabled in this case. Our holding is consistent with this court's commitment to the liberal construction of the Alabama Workmen's Compensation Act.Speegle v. Dobbs Brothers, 545 So.2d 777, 779 (Ala.Civ.App. 1989).
We have reviewed the trial court's findings of fact relative to the award of permanent and total disability, as well as its conclusions of law. Permanent and total disability is defined as any physical injury or mental impairment resulting from an accident that permanently and totally incapacitates the employee from working at or being retrained for gainful employment. § 25-5-57(a)(4)d., Ala. Code 1975. Before the accident, the record reflects, Bratton was not only working at Wal-Mart, but was also gardening, doing yard work, and helping his wife around the house. He and his wife visited relatives and went dancing. He was able to drive. Bratton and his wife testified about his worsened physical condition after the fall, including his inability to walk unassisted, and stated that he is now unable to do most tasks around the house and is unable to drive, and that his only outside activity is going to church. Both vocational experts found Bratton unable to engage in any gainful employment, although Wal-Mart's expert considered Bratton already to have been totally disabled before his employment with Wal-Mart. The trial court found that Bratton was not subject to retraining or rehabilitation, and concluded that he had suffered a complete loss of earning capacity as a result of the accident. Applying our standard of review under the old Act, we find that the record reflects that legal evidence was presented to support the trial court's findings, and we conclude that a reasonable view of that evidence supports the trial court's judgment that Bratton was rendered totally and permanently disabled as a result of his accident at Wal-Mart.
Because we conclude that the trial court properly found that Bratton was entitled to permanent and total disability benefits, we must address the second issue presented by Wal-Mart on appeal. Wal-Mart contends that the trial court erred because it did not apply §§ 25-5-57(a)(4)e. and 25-5-58, Ala. Code 1975, after finding that Bratton had suffered a permanent and total disability. Section 25-5-57(a)(4)e. states:
 "If an employee has a permanent disability or has previously sustained another injury than that in which he received a subsequent permanent injury by accident, such as is specified in the provisions of this section defining permanent injury, he shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed."
Section 25-5-58 states:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
Workmen's compensation benefits in Alabama are not limited to those in perfect health. Ex parte Lewis, 469 So.2d 599, 601
(Ala. 1985). A fundamental principle of workmen's compensation law is that the employer takes the employee subject to his or her physical condition upon employment. Allen v. Metro ContractServices, Inc., 421 So.2d 1289, 1291 (Ala.Civ.App. 1982). If the employment aggravated, accelerated, or combined with a latent disease or infirmity to produce disability, the preexisting disability *Page 1077 
does not disqualify the employee's claim for benefits.Lewis, 469 So.2d at 601. The existence of a preexisting injury or infirmity is defined in terms of its effect on the employee's ability to earn. If the employee is able to perform the duties of his or her job as a normal man or woman before the injury, then a preexisting condition or disability is disregarded for workmen's compensation purposes. MorrowDrilling Co. v. Adkins, 597 So.2d 1365 (Ala.Civ.App. 1992);International Paper Co. v. Rogers, 500 So.2d 1102
(Ala.Civ.App. 1986). But see Druid City Hosp. Regional Medical Ctr. v.Junkins, 495 So.2d 69 (Ala.Civ.App. 1986), wherein this court reversed the trial court's failure to apply §§ 25-5-57(a)(4)e. and 25-5-58. In Junkins, the evidence showed that the employee, who had been previously injured while working at the hospital, suffered from a disability when she returned to work, and that she was employed in a different job with specific limitations placed upon her. She was later transferred back to her former position, and, shortly thereafter, was injured again. This court distinguished Junkins from McKinney Petroleum Equip.,Inc. v. Connell, 453 So.2d 1044 (Ala.Civ.App. 1984), in which the employee had fully recovered from a prior injury and had returned to work without limitations or restrictions before suffering another injury.
The record does not indicate that the trial court considered what effect, if any, Bratton's prior disability had on his ability to perform his job with Wal-Mart or on his inability to work after the accident. On the one hand, Wal-Mart argues that Bratton went to work for Wal-Mart with certain infirmities and disabilities, and, therefore, that its liability should be limited to the amount of any increased disability suffered by Bratton. On the other hand, Bratton argues that because the record reflects, and the trial court found, that he was able to and did perform all of the duties of his employment in an efficient manner, Wal-Mart is liable for the full extent of his present disability.
Bratton's age and general physical condition, without more, are insufficient to support a reduction of potential workmen's compensation benefits. Allen, 421 So.2d at 1291. As we pointed out in Allen, "[t]he principle that degeneration and infirmities due to age which have not previously produced disability are not a proper basis for reduction of compensation is amply supported by authorities from other jurisdictions."Id. (quoting 2 Arthur Larson, The Law of Workmen's Compensation
§ 59.22 (1990)). In Bratton's case, however, he had experienced infirmities in the past that produced disability. The question is whether Bratton had recovered from his prior disability to the extent that he was able to perform the duties of his job as a "normal man," or whether he was hired by Wal-Mart subject to a preexisting disability and was assigned to a job designed with his limitations in mind. Because the trial court did not address this question, we reverse that portion of the judgment calculating workmen's compensation benefits and remand the cause to the trial court with directions to make findings of fact with reference to whether Bratton performed his job duties without any limitations or restrictions or was hired subject to a preexisting disability. The trial court should then determine whether §§ 25-5-57(a)(4)e. and 25-5-58 are applicable to Bratton's disability award, and, if so, it should recalculate the award of benefits accordingly.
That portion of the judgment finding Bratton to be permanently and totally disabled is affirmed. That portion of the judgment calculating workmen's compensation benefits is reversed, and the cause is remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result.
MONROE, J., dissents. *Page 1078