IRVING, P.J.,
for the Court:
¶ 1. James Tucker filed two claims for benefits with the Mississippi Workers’ Compensation Commission (Commission) for injuries that he suffered in two separate accidents while working for BellSouth Telecommunications Inc. (BellSouth). The Commission issued two separate orders, addressing each accident. Feeling aggrieved, Tucker appeals and argues that the Commission erred in determining that he suffered no loss of wage-earning capacity after his first injury, in limiting the compensation period to 450 weeks for the two separate injuries that occurred as a result of his second injury, and in consolidating his cases.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Tucker started working for Bell-south in 1973. On February 14, 2006, Tucker, a cable-repair technician, was involved in a traffic accident while en route to a job assignment from BellSouth. The parties agreed that Tucker’s neck was injured in the accident. He underwent a cervical-spine fusion for his neck injury and was off work for several months after-wards. Tucker returned to work with “light-duty” restrictions from his treating surgeon, who also assigned Tucker a twenty-five percent permanent medical impairment rating. Tucker testified that when he returned to work, he could not perform half of the duties that he could perform before his injury, and of the half that he could still perform, he had trouble performing seventy-five percent of those duties. He could not carry his ladder, climb poles, or work aloft due to the reaching. Tucker also noted that his supervisor accommodated his surgeon’s restrictions and that his coworkers assisted him with his duties. On August 3, 2007, Tucker filed a petition to controvert with the Commission seeking compensation for his neck injury.
¶ 4. On August 27, 2007, Tucker was in his work truck en route to a job assignment from BellSouth when another vehicle struck him from behind. The parties agreed that Tucker injured his right shoulder, back, and re-injured his neck in the accident. On March 17, 2008, Tucker filed *99 a second petition to controvert as a result of the second accident. He had surgery to repair the rotator cuff in his right shoulder and underwent therapy for his back and neck injuries. Even though his surgeon permanently restricted him from climbing and lifting greater than twenty-five pounds with his right arm, he returned to work. On April 16, 2010, BellSouth notified Tucker that the most recent restrictions could not be accommodated and terminated his employment with the company.
¶ 5. The Administrative Judge (AJ) held separate hearings on the merits for each case. The AJ consolidated the cases and issued one order, which held that Tucker sustained, in total, a seventy-five percent loss of wage-earning capacity due to the 2006 work-related neck injury, the 2007 aggravation of his neck injury, and his back injury. The AJ also found that Tucker had sustained a one hundred percent industrial loss of use to his right shoulder. The order declared that the total recovery of compensation was limited by Mississippi Code Annotated section 71-3-13(2) (Rev. 2011).
¶ 6. BellSouth appealed the AJ’s decision to the Commission, alleging that the AJ’s decision was “contrary to the great and overwhelming weight of the evidence, ... contrary to the credible evidence, and ... contrary to the law.” The Commission issued two separate orders, at Tucker’s request, addressing the 2006 and 2007 injuries. In the order addressing the 2006 injury, the Commission explained that the parties stipulated that Tucker’s pre-injury average weekly wage (AWW) was $1,046 and that his post-injury AWW prior to the August 2007 accident was $2,137.19. Accordingly, the Commission concluded that Tucker suffered no loss of wage-earning capacity as a result of the 2006 injury and was not entitled to receive permanent disability benefits for that injury.
¶ 7. The order addressing the 2007 injuries explained that Tucker would be awarded permanent-partial disability benefits of $387.68 per week for his neck and back injuries — together considered a body-as-a-whole injury — that would be paid for 450 weeks beginning April 20, 2009. Additionally, Tucker would receive permanent-partial disability benefits of $387.68 per week for his right shoulder injury for 200 weeks beginning February 8, 2010. The Commission’s order explained that in all other respects, the AJ’s order as it related to the 2007 injuries, which included that the total recovery of compensation is limited by section 71-3-13(2), was affirmed.
¶ 8. Tucker requested a lump-sum payment of his disability awards. The Commission granted Tucker’s request, but limited the payment to what Tucker would receive over a compensation period of 450 weeks, citing section 71-3-13(2). The Commission determined that the award owed for the body-as-a-whole injury was $59,375.11, after discounting what Bell-south had already paid. The Commission also determined that the right-shoulder award would yield a total of $81,987.64. Tucker only received the lump-sum payment for the body-as-a-whole injury, under the Commission’s reasoning that paying the additional award for his right shoulder would exceed the 450-week statutory limit.
¶ 9. Additional facts, as necessary, will be related in our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 10. Appellate courts will only reverse a decision from the Commission if the “Commission[’s] order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law.” Weatherspoon v. Croft Metals Inc., 853 So.2d 776, 778 (¶ 6) (Miss. *100 2003) (citing Smith v. Jackson Constr. Co., 607 So.2d 1119, 1124 (Miss.1992)).

I. Loss of Wage-Earning Capacity after the 2006 Accident

¶ 11. The Commission found that Tucker had not demonstrated a- loss of wage-earning capacity after the 2006 accident. Tucker asserts that, even though he continued to work at BellSouth after his accident at the same pay -rate, he offered substantial evidence to rebut the presumption that he suffered no loss of wage-earning capacity. Specifically, Tucker claims that BellSouth paid him the same wages after his injury out of sympathy and that his testimony of needing assistance from coworkers and his physical restrictions of pulling, stooping, and working overhead were indicative of his loss of wage-earning capacity.
¶ 12. “In its determination of the claimant’s loss of wage-earning capacity, the Commission should take into consideration all of the factual elements presented to it in order to arrive at its conclusion regarding the extent of the claimant’s disability.” Mosby v. Farm Fresh Catfish Co., 19 So.3d 789, 794 (¶ 10) (Miss.Ct.App.2009) (quoting Airtran Inc. v. Byrd, 953 So.2d 296, 301 (¶ 11) (Miss.Ct.App.2007)) (internal quotation marks omitted). A rebuttable presumption that the claimant has suffered no loss of wage-earning capacity arises when the claimant’s post-injury wages are either equal to or exceed the claimant’s pre-injury wages. Id. The claimant can rebut the presumption by demonstrating that his post-injury earnings are an unreliable indicator of his post-injury wage-earning capacity because there has been an increase in general wage levels since the time of the accident, he has greater maturity or training, he worked longer hours after the accident, or his post-injury earnings are temporary and unpredictable. Id.
¶ 13. Tucker relies on Cooper Tire & Rubber Co. v. Harris, 837 So.2d 789 (Miss.Ct.App.2003), to support his claim that his need for assistance from his coworkers demonstrates that his post-injury earnings are unreliable. However, Tucker’s reliance on Cooper Tire is misplaced. We affirmed the Commission in Cooper Tire because the Commission not only considered the fact that the claimant received assistance from coworkers, but also considered that the claimant worked fewer hours after his injury, and that all employees in the same position received an increase in pay after the claimant’s injury, all of which were indicative of his loss of wage-earning capacity. Id. at 793 (¶ 13).
¶ 14. Tucker had the opportunity to rebut the presumption that he did not suffer a loss of wage-earning capacity. However, simply asserting that his post-injury wages were paid out of sympathy and that he needed assistance to perform his job duties is insufficient evidence to rebut the presumption. There was no evidence that there had been a general increase in pay after Tucker’s injury, that he had greater maturity or training after his injury, that he worked longer hours after his injury, or that his post-injury earnings were temporary and unpredictable. Accordingly, this issue is without merit.

II. Maximum Award for the 2007 Injuries

¶ 15. Tucker argues that the Commission erred in limiting the disability benefits from the 2007 accident to 450 weeks so as to not exceed the maximum recovery period mandated by section 71-3-13(2). More specifically, Tucker contends that the body-as-a-whole injury and the shoulder injury are two separate and distinct injuries that should be considered sepa *101 rately under the statute and have separate compensation periods that run consecutively. He asserts that, in addition to being compensated with a lump-sum payment of $59,375.11 for the body-as-a-whole injury, he should also receive the $81,987.64 lump-sum payment for the shoulder injury.
¶ 16. Section 71-3-13(2) states, in pertinent part, that:
[t]he total recovery of compensation ... arising from the injury to an employee or the death of an employee, or any combination of such injury or death, shall not exceed the multiple of four hundred fifty (450) weeks times sixty-six and two-thirds percent (66-2/3%) of the average weekly wage for the state.
It is a well-established rule “that a claimant may not pyramid benefits and receive in excess of the maximum weekly benefits provided by statute during any one period.” Walls v. Hodo Chevrolet Co. Inc., 302 So.2d 862, 867 (Miss.1974) (citations omitted).
¶ 17. Based on the Commission’s order addressing the 2007 accident, the award for the body-as-a-whole injury and the award for the shoulder injury would pyramid, as the 450-week award begins on April 20, 2009, and would still be running on February 8, 2010, when the 200-week award would begin to run. Even though the Commission granted Tucker’s request for a lump-sum award, receiving lump-sum payments does not avoid the problem of pyramiding because, according to Walls, the effect of a lump-sum payment is to compensate Tucker for the entire period of time during which he would otherwise have been entitled to weekly benefits for that injury. Id. at 868. Therefore, we find that the Commission’s order limiting the lump-sum payment to what Tucker would have received for 450 weeks is without error. This issue is without merit.

III. Consolidation of Cases

 ¶ 18. Tucker contends that the 2006 and 2007 cases should not have been consolidated because they involved separate injuries that occurred in separate years. The Mississippi Supreme Court has stated that “consolidation is in the sound discretion of the ... court and should be liberally construed.” U.S. Fidelity & Guar. Co. v. Estate of Francis, 825 So.2d 38, 46 (¶ 22) (Miss.2002). “[Cjonsolidated actions never lose their identity as separate actions.” Id. (citation omitted).
¶ 19. While it is true that a court should not consolidate cases if consolidation would prejudice the claimant in any way, there is no evidence that consolidating the cases has prejudiced Tucker. See M.R.C.P. 42 cmt. Tucker argues that the injuries that occurred in 2007 should not have a bearing on the outcome of the case involving the 2006 injury and that the 2007 injuries should not have been referenced when discussing the 2006 injury. We find that the 2007 injuries had no effect on the outcome of the case concerning the 2006 injury, as the result would have been the same without reference to the 2007 injuries. The Commission found that Tucker went back to work after the 2006 accident with the same wages, raising the presumption that he did not suffer a loss of wage-earning capacity, despite the help that he received from his coworkers. The reference to the 2007 injuries in the order addressing the 2006 injury only points out that Tucker’s AWW doubled between the date of the 2006 injury and the date of the 2007 injuries. The Commission did not abuse its discretion by consolidating Tucker’s cases. Accordingly, this issue is without merit.
¶ 20. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. *102 ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.