220

147 So.2d 810

**BLACK DIAMOND COAL MINING CO.**

v.

**William WILSON.**

6 Div. 640.

Supreme Court of Alabama.

Nov. 29, 1962.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Ross, Ross & Ross, Bessemer, for appellee.

Norman K. Brown, Bessemer, and Carl G. Moebes, Woodward, amici curiae.

COLEMAN, Justice.

This is a petition by an employer for certiorari to review a judgment awarding workmen's compensation to an employee for occupational pneumoconiosis allegedly suffered by him while employed as a miner. Section 297, Title 26, Code 1940.

Petitioner asserts that the testimony "is legally insufficient to prove 'disability' as that word is used in the Workmen's Compensation Act."

We think there is sufficient legal evidence to sustain the finding that the employee suffered disability from pneumoconiosis contracted by the employee while employed by petitioner.

Dr. Joseph testified:

"Q He does, in fact, according to your diagnosis, Dr. Joseph, he does in fact have occupational pneumoconiosis, does he not?

"A Yes. No doubt of that."

Dr. McMahon testified:

"Q (BY MR. ROSS:) Dr. McMahon, based on your examina-

tion of William Wilson and your examination of the X-rays which you have shown to us here today, did you make a diagnosis of William Wilson's condition?

"A  Yes, sir.

Two diagnoses.

Number 1: Essentially hypertension.

And Number 2: Pneumoconiosis.

And I estimated his disability from this as 20 to 30 percent.

"Q  Now, Dr. McMahon, in estimating his disability, how much of his disability would you ascribe to your diagnosis of his condition as pneumoconiosis?

"A  I would say all of it. He wasn't disabled from his high blood pressure."

■ In proceedings under Code 1940, Title 26, § 253 et seq., this court has held many times that where there is any legal evidence, or reasonable inference from any legal evidence, to support the finding of the court, such finding is conclusive and the judgment of the court will not be disturbed. United States Steel Corp. v. Danner, 263 Ala. 310, 82 So.2d 404. We will not disturb the finding here.

The employee worked in petitioner's mine for thirteen years. He is 65 years old and is retired. Petitioner's argument seems to be that because the employee has reached retirement age and because he is too old to find employment, he is not disabled and his capacity to earn has not been affected by his occupational pneumonoconiosis so as to entitle him to compensation for the disease. Petitioner states in brief:

"Wilson no doubt deserves his unemployment compensation and his pension. These are the remedies which the state has provided for his plight. Workmen's Compensation Acts are not designed to provide relief for the retired. Workmen's Compensation does not provide relief from old age or general economic conditions. It provides relief only for those whose capacity to earn has been diminished as a result of disability arising out of their employment."

■ The statute does not provide, so far as we are advised, that an employee who suffers disability is not entitled to compensation when he has reached retirement age. An employee's right to compensation for loss of earning capacity resulting from loss of a member of his body, or from other bodily injury, would scarcely be challenged on the ground that he had reached retirement age. We are of opinion that the same rule applies where the employee has suffered disability by reason of occupational pneumonoconiosis.

In the amicus curiae brief it is insisted that "The basis for any award in such a case must be the loss of or reduction in earning capacity as a direct result of an occupational injury or disease, and any finding to that effect by the court must find support in the evidence." The insistence is that there is no evidence to show that the employee's inability to earn wages was the proximate result of his occupational disease.

■ The answer to this insistence is that proximate cause was not an issue in the case. Petitioner's attorney stipulated as follows:

"MR. HALEY: In lieu of a sworn answer the defendant stipulates the following:

*    *    *    *    *    *

"The defendant denies that the plaintiff is disabled on account of an occupational disease and agrees that the only matter to be decided by the Court is the question of whether or not the plaintiff, is in fact, disabled as a result of an occupational disease and, if so, to what extent."

The court decided the only issue submitted by petitioner. We are of opinion

**222**

that legal evidence supports the decision and that the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, and MERRILL, JJ., concur.