This is a workmen's compensation case.
The trial court awarded the employee benefits based upon a 20% permanent partial disability and corresponding permanent decrease in his earning capacity as a result of his work-related injury. The employee appeals, and we reverse and remand for proper consideration.
The employee contends that the trial court erred as a matter of law in improperly considering certain factors in determining the award.
The dispositive issue on appeal is whether the trial judge erred as a matter of law in improperly considering such vocational factors as age, education and general physical condition in diminishing the percentage of disability.
The record in pertinent part reveals the following:
The employee is a sixty-four year old man. At the time of the accident, he was employed by Metro Contract Services as an electrical technician. As part of his job, the employee often replaced batteries which required dumping the three gallons of sulfuric acid in the battery down a drain. The employee was exposed to sulfuric acid fumes when he dumped the batteries. The employee's injuries occurred as a result of a particularly heavy period of work in which he was draining twenty to thirty batteries at a time over a three day period.
The employee testified he experienced burning in his nose, throat and chest, shortness of breath, wheezing, coughing and exhaustion. Doctors testified tests show employee's lungs were operating below normal. Two doctors testified the employee suffered a 40% disability to his body as a result of lung damage from exposure to sulfuric acid fumes, and a third doctor testified he suffered a 40% to 50% disability.
The employee has a history of various medical problems which includes treatment for recurring bronchitis, urinary tract infection, kidney stones and emotional problems including depression.
The employee had held essentially the same job he had at the time of the accident for the last fifteen years. Before that he operated a pet store for a year, worked as an accountant for fourteen years, and was a cook in the United States Navy. He had a high school diploma and a diploma from North Alabama College of Business. There was testimony from an employee of the Alabama Vocational Rehabilitation Services to the effect that the employee was no longer employable.
The employee was promoted to leadman about a year after his accident, but he testified that due to his injury he had difficulty performing any of the strenuous lifting or labor involved in the job. At the time of the trial, he was on medical leave.
As indicated, the trial court found the employee was 20% disabled. The learned trial judge in pertinent part found the following:
 "This Court finds that if the plaintiff [employee] were required to seek new employment, that his earning capacity would be diminished by the injury received as a result of this occurrence, but that his inability to find new employment would not be totally attributable to this injury. This Court must consider the fact that his age, his experience, education and his general physical condition would be a contributing factor in the event that he was unable to find future employment. This Court therefore finds and concludes that the plaintiff has suffered a 20% permanent decrease in his earning capacity or ability to earn as the result of the injury in question, . . ."
At the onset, we note the standard of review in a workmen's compensation case is very narrow. The Workmen's Compensation Act, Ala. Code § 25-5-81 (d) (1975), provides for review by certiorari. On appeal, review of a workmen's compensation case is *Page 1291 
limited to questions of law and to examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. E.g., Agan v. Union Foundry Co.,404 So.2d 71 (Ala.Civ.App. 1981). The reviewing court may however examine the trial court's application of the law to the facts, Pate v. Miller Transporters, Inc., 381 So.2d 64
(Ala.Civ.App.), affirmed, 381 So.2d 68 (Ala. 1979), and the legal conclusions drawn by the trial court, Newman Brothers,Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App.), cert. denied,354 So.2d 1142 (Ala. 1977).
In this case, employee contends the learned trial judge misapplied the law in that the trial judge attempted to use vocationally limiting factors to diminish the workmen's compensation award. Put another way, the employee contends that these factors should not be considered to reduce an award but may only be considered to establish the decrease in earning ability which is an intrinsic part of recovery.
To this court, it is clear from a reading of the trial judge's decree that age, education, general physical condition and education were considered by the trial court. It is also clear that the factors were considered as factors which diminished the award, and that these factors were not caused by the injury.
The law is clear that pre-existing conditions and disease(s) do not affect an award of compensation if the job-related injury combined with the pre-existing condition produced the death or disability. Newman Brothers, Inc. v. McDowell, supra.
The employee suffering physical ailment or injury due to conditions of his employment does not bear the risk of his own particular physical structure. B.F. Goodrich Co. v. Martin,47 Ala. App. 244, 253 So.2d 37 (1971).
It is a fundamental principle that the employer takes the employee subject to his physical condition when he enters his employment. Ingalls Shipbuilding Corporation v. Cahela,251 Ala. 163, 36 So.2d 513 (1948). "It is a well accepted rule that an employer must take the employee as he finds him with any existing infirmities." Meyer v. Electro Static Finishing, Inc.,303 Minn. 508, 230 N.W.2d 24, 27 (1975). Therefore, the trial judge's consideration of employee's "general physical condition" as a factor reducing his compensation was impermissible as it, in effect, treated the employee's general health as a pre-existing condition to reduce the award.
Furthermore, the trial judge's consideration of the employee's age as a "contributing factor" in reducing the employee's compensation is suspect. "The principle that degeneration and infirmities due to age which have not previously produced disability are not a proper basis for reduction of compensation is amply supported by authorities from other jurisdictions." A. Larson, Workmen's CompensationLaw, § 59.22 at 10-384, and cases cited therein. The clear import of that principle — that age is not a proper basis for reduction of compensation — is applicable in the instant case even though the "degeneration and infirmities due to age" were not per se a consideration.
Furthermore, while not directly on point, the inherent logic of Black Diamond Coal Mining Co. v. Wilson, 274 Ala. 220,147 So.2d 810 (1962), is relevant in this case. In Black Diamond, the employer argued since the employee was "too old to find employment, he is not disabled and his capacity to earn has not been affected" by his occupational disease. Black Diamond CoalMining Co. v. Wilson, supra, 147 So.2d at 811. The court rejected this argument, holding: "An employee's right to compensation for loss of earning capacity resulting from . . . bodily injury, would scarcely be challenged on the ground that he had reached retirement age." Again, the clear import ofBlack Diamond is that age is an improper factor on which to base a reduction or denial of compensation. Therefore, the trial judge's conclusion that employee's age was a "contributing factor" to employee's decreased earning capacity, and the resulting reduction in the employee's award was error as a matter of law. *Page 1292 
The employer contends that factors such as education, age, experience and general physical condition are proper factors for the trial court to consider. This court in City ofEnterprise v. Herring, 372 So.2d 358, 359 (Ala.Civ.App. 1979), held:
 "[T]estimony as to physical disability of the body is not the sole determinative factor in reaching the required factual conclusions as to the percentage loss of earning capacity. There are other factors such as education, age, experience, etc., which affect employability and thus earning capacity, which are to be considered by the court."
But consideration for what purpose is an important distinction.
In City of Enterprise v. Herring, as in all other cases examined by this court where age, education, experience, etc., were factors, these factors were used to support a finding of total disability where the physical disability was less than total, or to support a finding of a higher percentage of disability than medical testimony alone suggested. See, for example, City of Muscle Shoals v. Davis, 406 So.2d 919
(Ala.Civ.App.), cert. denied, 406 So.2d 923 (Ala. 1981), holding factors such as medical history, and lack of education and training having a profound effect upon earning ability, were factors allowed in determining and supporting a finding of total and permanent disability; Caroll Construction Co. v.Hutcheson, 347 So.2d 527 (Ala.Civ.App. 1977), holding factors such as age, skills and education would support a finding of total disability where medical evidence was that employee suffered only a 5% physical disability; and Brunson Milling Co.v. Grimes, 267 Ala. 395, 103 So.2d 315 (1958), holding age, and lack of skills or education would support a finding of total disability where employee's right arm was 80% to 85% disabled.
The appellee-employer, through able counsel, did not cite to, nor are we able to find, any case in which such factors were properly considered to reduce compensation to the injured worker. In fact, in the two cases employer cites in support of its argument, such factors were used for just the opposite result. In one case, cited by employer, these factors supported a finding of total disability when medical testimony indicated a 15% to 30% disability to the back, Edwards v. City ofHuntsville, 49 Ala. App. 498, 273 So.2d 475 (1973); and in the second case, these factors were used to support a finding of 50% disability where the physical disability was only 20%.Mobile Paint Manufacturing Co. v. Crowley, 56 Ala. App. 673,325 So.2d 182 (1975).
Not only do we not find any legal support for using these factors to diminish compensation, but we find commentary which clearly indicates such use would be contrary to the spirit and purpose of the Workmen's Compensation Act.
Larson, in his treatise on Workmen's Compensation Law, states:
 "It has been stressed repeatedly that the distinctive feature of the compensation system, by contrast with tort liability, is that its awards . . . are made not for physical injury as such, but for `disability' produced by such injury. The central problem, then, becomes that of analyzing the unique and rather complex legal concept which, by years of compensation legislation, decision, and practice, has been built up around the term `compensable disability.'
 "The key to the understanding of this problem is the recognition, at the outset, that the disability concept is a blend of two ingredients, whose recurrence in different proportions gives rise to most controversial disability questions: The first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is de facto inability to earn wages, as evidenced by proof that claimant has not in fact earned anything.
 "The two ingredients [physical limitations and vocational limitations] usually occur together; but each may be found without the other: A claimant may be, in a medical sense, utterly shattered and *Page 1293 
ruined, but may by sheer determination and ingenuity contrive to make a living for himself; conversely, a claimant may be able to work, in both his and the doctor's opinion, but awareness of his injury may lead employers to refuse him employment. These two illustrations will expose at once the error that results from an uncompromising preoccupation with either the medical or the actual wage-loss aspect of disability. An absolute insistence on medical disability in the abstract would produce a denial of compensation in the latter case, although the wage loss is real and is directly traceable to the injury as in any other instance. At the other extreme, an insistence on wage loss as the test would deprive the claimant in the former illustration of an award, thus not only penalizing his laudable efforts to make the best of his misfortune but also fostering the absurdity of pronouncing a man non-disabled in spite of the unanimous contrary evidence of medical experts and of common observation."
Larson, supra, at § 57.11 at 10-2, 10-6, 10-7.
Hence, the very reason for considering such factors as age, training, general health and education is to establish the decrease in or impossibility of the ability to earn which compounds the physical injury. See Larson, supra, at 57-61. The basis for compensation is the decrease in earning capacity.Nashville Bridge Co. v. Honeycutt, 246 Ala. 319, 20 So.2d 591
(1945). See also Larson, supra, at 57.11. To hold this decrease in the ability to earn against the employee when it may be partly due to vocational factors — as was apparently done in this case — is therefore contrary to the design and purpose of workmen's compensation.
In the past we have held that "compensation is not limited to those in perfect health. . . ." B.F. Goodrich Co. v. Martin,supra. We might now add, just as a worker in less than perfect health is entitled to compensation, a worker whose age or background diminishes his earning capacity is also entitled to adequate compensation.
We find that the trial court apparently used the vocational factors of age, experience, education and general physical condition improperly as a matter of law to diminish the award, and therefore reverse and remand to the trial court for consideration in light of what we have stated above.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.