This is a workmen's compensation case.
The employer appeals from an award of permanent total disability benefits to the claimant by the Escambia County Circuit Court. A detailed statement of the facts is unnecessary, as the employer does not contest the finding of disability, but only contends that the duration of the award was not properly limited or defined.
The employer raises two issues on appeal. First, it contends that any award of permanent total disability benefits under the Workmen's Compensation Act should terminate when the claimant reaches age 65. The employer argues that the claimant would have retired then anyway, and that because of that fact, would have suffered *Page 943 
no further loss of earning capacity after age 65.
Second, the employer contends that the trial court should have made provisions in its award for subsequent unrelated injuries or infirmities to the claimant that would impair his ability to return to work.
The workmen's compensation laws are remedial in nature and are to be liberally construed and applied in order to effect their beneficient purposes. Orkin Exterminating Co. v.Williams, 389 So.2d 935 (Ala.Civ.App. 1980). An employee covered under the workmen's compensation law is entitled to be fully compensated for his job-related injury, and provisions of the law should be liberally construed to accomplish that result. Haggard v. Uniroyal, Inc., 423 So.2d 865 (Ala.Civ.App. 1982). All reasonable doubts regarding a provision of the Workmen's Compensation Act should be resolved in favor of the employee. American Tennis Courts, Inc. v. Hinton, 378 So.2d 235
(Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala. 1979).
Before the Alabama Legislature amended the Workmen's Compensation Act in 1975, an award for permanent total disability was limited, as were other disability awards, to a specified number of weeks (650). Title 26, § 279 (D)(1), Code of Alabama 1940 (Recomp. 1958) (as amended 1973).
Act No. 86, Acts of Alabama 1975, amended the Workmen's Compensation Act. The preamble to Act No. 86 stated that, among other things, the Act was "defining permanent total disability and extending benefits for the duration of the disability."
1975 Ala. Acts 86. (Emphasis added.) Title 26, § 279 (D)(1) was amended to provide that an award for permanent total disability "shall be paid during such permanent total disability." 1975 Ala. Acts 86 § 5. This amended section, now § 25-5-57 (a)(4)a., Code of Alabama 1975, deletes the statutory limitation on the duration of payment of permanent total disability benefits.
Under the new section, it is true that an award for permanent total disability compensation may not be made for a period defined as "for and during his natural lifetime," because the period of compensation lasts only as long as the disability continues. Thompson Company Contractors v. Cole,391 So.2d 1042 (Ala.Civ.App. 1980) [construing § 25-5-57 (a)(4)a.]. However, the employer's contention that the claimant's imminent retirement (age) should be considered to reduce an award of compensation is a contention that has been expressly rejected by the courts of this state. Black Diamond Coal Mining Co. v.Wilson, 274 Ala. 220, 147 So.2d 810 (1962); Allen v. MetroContract Services, Inc., 421 So.2d 1289 (Ala.Civ.App. 1982). While age may be considered in arriving at the percentage of a claimant's disability, Carroll Construction Co. v. Hutcheson,347 So.2d 527 (Ala.Civ.App. 1977), it may not be considered to reduce the amount or duration of a disability compensation award. Allen, supra.
In view of the statute and these cited authorities, we find no error in the judgment of the trial court.
The employer's second contention of error is without merit. There is no evidence in the record before this court of any supervening or subsequent injuries to the claimant. Errors committed below must be affirmatively demonstrated by the record before this court. Daniels v. Bona Fada Federated Club1979-80 Members, 403 So.2d 255 (Ala.Civ.App. 1981). If the record does not disclose the facts upon which the error is based, the error may not be considered on appeal. Daniels,supra.
The final judgment of the trial court is due to be affirmed.
AFFIRMED.
HOLMES, J., concurs.
BRADLEY, J., recuses himself. *Page 944