HOLMES, Judge.
This is a workmen’s compehsation case.
The employee, J.C. Tullís, suffered a “seizure” during the course of his employment with Stebbins Engineering & Manufacturing Company. The seizure caused the employee to fall backwards and break his neck. The employee sought benefits from the employer under Alabama’s workmen’s compensation laws.
After a hearing the trial court found that the employee’s seizure was triggered by the heat, strain, and exertion during the course of his employment and that such conditions caused the employee’s injuries.
The trial court found that the employee’s injury resulted in a twenty-five percent loss of ability to earn and awarded compensation accordingly.
The employer, through able counsel, appeals. We affirm.
The dispositive issue on appeal is whether there is any legal evidence to support the trial court’s findings.
The record reveals, in pertinent part, that the employee was a common laborer. The job required that the employee assist in the construction of scaffolding inside a tank where the temperature was approximately ninety-five degrees. The employee testified that, a few minutes prior to his lunch break, he began to feel weak and ceased to sweat. During his lunch break he sat on a four-foot-high stack of bricks to eat his lunch, and he had a seizure and fell backwards. The employee sustained a broken neck as a result of the fall.
In order to recover benefits in the instant case under Alabama’s workmen’s compensation laws, the employee must establish both legal causation and medical causation. Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.1980). In order to establish medical causation, the employee must demonstrate that the exertion, strain, or exposure to conditions on the job was, in fact, a contributing cause of his injury. Fordham, 387 So.2d 204.
The employer contends that the employee failed to establish medical causation.
We note that the standard of review in this case is whether there was any legal evidence to support the trial court’s findings. This court cannot consider the weight of the evidence or the credibility of the witnesses. Ray Motel, Inc. v. Griffin, 428 So.2d 107 (Ala.Civ.App.1983).
After reviewing the record, we find that there was evidence before the trial court to support its findings. The employee testified as to the conditions on the job the day of his seizure. Additionally, the deposition of Dr. John Kirkpatrick Peden, the neurological surgeon who treated the employee, was admitted into evidence. In *1232 answer to a hypothetical question, Dr. Pe-den stated that getting overheated while working inside a tank could have precipitated the seizure which resulted in the employee’s injury.
The employer points out that Dr. Peden also stated in his deposition that there were two possibilities for the cause of the employee’s seizure — the heat or a withdrawal seizure from alcohol. The employer contends that Dr. Peden’s testimony was, therefore, mere speculation and conjecture and cannot be relied upon to establish that the injury was covered under workmen’s compensation. Ray Motels, Inc., 428 So.2d at 108.
We do not find the medical testimony so speculative and conjectural that the trial court and this court cannot rely upon this testimony to find medical causation.
Dr. Peden specifically testified to the following:
“Q. Can you say with any reasonable degree of medical certainty if Mr. J.C. Tullis became over-heated inside this tank the 12th of July while working in the line and scope of his employment with the defendant—
“MR. SHEEHAN: I object to the form of the question.
“Q. (By Mr. Smith) Just prior to the cerebral seizure, could getting overheated inside the tank precipitate the seizure and cause his fall with a resulting injury to his neck, in your judgment and opinion?
“MR. SHEEHAN: I object to the form of the question.
“A. (By the witness) In relation to the question of being over-heated?
“Q. Yes sir.
“MR. SHEEHAN: I object to the form of the question.
“A. (By the witness) This could precipitate the cerebral seizure. My reasons for saying that would be that in babies with high fever it is known to precipitate seizures. And, this situation is certainly different in an adult, and we don’t know to what degree he was overheated, but, inasmuch as he has told us that he had no cerebral seizures of any kind prior to that, I will have to assume that this was a precipitating factor.”
It is true that he later stated that there were two possibilities for the cause of the seizure. But this does not necessarily rise to the level of speculation and conjecture so as to require reversal.
In Montgomery Lincoln-Mercury, Inc. v. Neal, 423 So.2d 846 (Ala.Civ.App.), rev’d on other grounds, 423 So.2d 850 (Ala.1982), Dr. Lightfoot, the examining physician, testified that it was his impression that Neal suffered a heat stroke. The basis for the doctor’s opinion was the statements made by Neal’s family to the doctor concerning his health and his work conditions. However, the doctor was unable to express an opinion as to whether Neal's job caused his illness and death.
When the supreme court reviewed that case in Ex parte Neal, 423 So.2d 850 (Ala.1982), it found that the medical causation test was met because the physician’s testimony and the hospital records indicated that Neal’s illness and death were precipitated by severe heat exhaustion. Additionally, the supreme court held that the trial court's determination will not be disturbed on appeal if any reasonable view of the evidence or reasonable inference therefrom supports that court’s conclusions. Neal, 423 So.2d at 853.
We point out that Professor Larson, in 3 A. Larson, The Law of Workmen’s Compensation § 79.51(a) (1983), states that in appropriate cases benefits can be awarded even when medical evidence of the relationship of the employment to the injury is inconclusive, indecisive, or inconsistent. He cites the following cases in support of this statement: Public Service Co. v. Industrial Commission, 189 Colo. 153, 538 P.2d 430 (1975); Hartford Accident & Indemnity Co. v. Waters, 87 Ga.App. 117, 73 S.E.2d 70 (1952); Hanna v. Edward Gray Corp., 197 Kan. 793, 421 P.2d 205 (1966); Eagles v. Golden Cove, Inc., 260 S.C. 113, 194 S.E.2d 397 (1973); Texas Employers Insurance Association v. Goodreaux, 478 S.W.2d 865 (Tex.Civ.App.1972).
*1233 Additionally, we note that all of the cases cited by the employer to illustrate the fatal lack of definiteness and certainty in the medical testimony were cases wherein we affirmed the trial court’s denial of benefits.
Considering the above, we find that there is sufficient testimony as to medical causation to support the trial court’s conclusions. This court should not be understood as necessarily finding that there was no evidence to support a contrary finding in the instant appeal. However, under the appropriate standard of review, as indicated, there is evidence to support the trial court’s findings.
The employer also contends that the statements made to Dr. Peden by the employee months after his hospitalization are inadmissible hearsay.
Initially we note that, although the employer’s attorney objected when the deposition was taken and he renewed that objection when the deposition was introduced into evidence at the hearing, no specific ruling was made by the trial court. The trial court cannot be held in error if inadmissible testimony is admitted if no ruling on the objection appears in the record. Neal, 423 So.2d at 852.
In any event, from our review of the record the complained of evidence appears to be cumulative. Furthermore, the doctor’s opinion was based upon a hypothetical question and would, therefore, appear to be generally admissible. Thompson v. Jarrell, 460 So.2d 148 (Ala.1984).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.